UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CHRISTOPHER SCOTT WIGHT,

        Petitioner,        1:15-cv-01469-TC

        v.                FINDINGS AND RECOMMENDATION

STEVE BROWN,

        Respondent.

Coffin, Magistrate Judge.

    Petitioner is an inmate in the custody of the Oregon Department of Corrections after convictions for one count of Rape in the First Degree and Sexual Abuse in the First Degree. Exhibit 101. After a jury convicted petitioner, the trial court imposed a sentence of 100 months of imprisonment for the count of Rape and a concurrent 75 month sentence for the count of Sexual Abuse.

1 - FINDINGS AND RECOMMENDATION

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 106 - 111.

Petitioner filed an Amended Petition for Post-Conviction Relief, Exhibit 112, but the Umatilla County Circuit Court denied relief, Exhibit 126) The Oregon Court of Appeals affirmed the PCR trial court without opinion and the Oregon Supreme Court denied review. Exhibit 127 - 131.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254 alleging four claims of ineffective assistance of counsel. Petition (#1) p. 6 - 11.

Respondent moves to deny relief on the grounds that petitioner's second ground for relief is procedurally defaulted and his first, third and fourth grounds for relief were denied by the Oregon post-conviction court in a decision that reasonably applied federal law and is entitled to deference. Response (#29) p. 1.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the

2 - FINDINGS AND RECOMMENDATION

state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. Keeney v. Tamayo-Reyes, supra at 10.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (i.e., has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's

3 - FINDINGS AND RECOMMENDATION

procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S.538, 559 (1998).

Allegations of ineffective assistance of trial or appellate counsel are properly raised in post-conviction. State v. Lloyd, 109 Or. App. 213, 214 (1991), *rev. denied* 315 Or. 268 (1992).

In Ground Two, petitioner alleges that his trial counsel failed to move for a mistrial on the ground that the prosecutor introduced testimony that violated his right to remain silent. Although petitioner alleged a similar claim in his amended PCR petition, he did not appeal the PCR trial court's denial of relief on that claim and the time for doing so is long past. *See*, ORS 138.650. Therefore Ground Two is

4 - FINDINGS AND RECOMMENDATION

procedurally defaulted.

Plaintiff has not established any cause and prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. Therefore relief on Ground Two should be denied.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

In addition, under 28 U.S.C. § 2254(d)(2), "a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Miller-El v. Cockrell, 537 U.S. 322, 351 (2003).

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. Strickland, supra at 688. The second component of the test requires the

petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." Id.

In Bell v. Cone, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to § 2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Bell, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam).

The general nature of the Strickland test combined with the deference prescribed by § 2254(d) combines to require the federal court not to evaluate the state court's determination itself, but whether the state court's determination was unreasonable. Knowles

7 - FINDINGS AND RECOMMENDATION

v. Mirzayance, 129 S.Ct. 1411, 1420 (2009) (citing Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

In Grounds One, Three and Four, petitioner alleges:

**Ground One:** Trial counsel (failed) to impeach prosecution witness Jeffery Walker.
**Supporting Facts:** Trial counsel called witness Clara Walker to impeach the testimony of alleged victim. See Tr. Pp 408-410.

\* \* \* \* \*

**Ground Three:** Trial counsel was ineffective because he failed to properly object to Officer Wards vouching testimony.
**Supporting Facts:** Officer Ward vouched for the credibility of B when he testified that her demeanor was consistent with the demeanor of someone who had experienced a traumatic event.

**Ground Four:** An effective defense attorney would not introduce evidence the defendant in a sexual assault case had "butt-fucked" the victim.
**Supporting Facts:** An attorney exercising reasonable professional skill and judgment would not call a witness to testify tht the victim in a rape case said she had been butt fucked by the defendant[.] At the post-conviction trial counsel testified that he made a reasonable tactical decision to introduce this testimony in order to show that B had made inconsistent statements. However, trial counsel never made this argument to the jury in his losing argument.

Petition (#1) p. 6-11.

Petitioner alleged in his PCR petition "[t]rial counsel failed to impeach prosecution witness Jeffery Walker pursuant to OEC 609 with evidence of his January 11, 1995, Theft of Property conviction." Exhibit 112, p. 5. The PCR court rejected that claim, finding "[c]ounsel did not err in choosing not to use an old, minor conviction against witness Walker ... Walker was not an

8 - FINDINGS AND RECOMMENDATION

important witness." Exhibit 126, p. 2.  The PCR court further found that given the age of the conviction, "counsel [was] correct in assuming that it would make no real difference." Exhibit 125, p. 18.

The PCR court's decision to deny relief on this claim was not an unreasonable application of the *Strickland* standard for ineffective assistance of counsel.  Walker was not a key witness and impeaching him with a 13 year old theft conviction would not have made any difference in the case or affected the outcome - in view of the victim's testimony and the substantial physical evidence against petitioner.

Petitioner alleges in Ground Three that his trial counsel was ineffective because he failed to properly object to Officer Ward's "vouching" testimony.

Petitioner raised a claim similar to that alleged in Ground Three in his PCR proceeding.

The testimony at issues is as follows:

> [Prosecutor}: Okay.  And have you had the experience of seeing rape victims in other cases?
>
> [Sergeant Ward]: Yes, I have.
>
> [Prosecutor]: And the demeanor that you describe the victim having, would that, based on your training and experience, be consistent with hat of a –
>
> [Trail counsel]: Your honor, I'm going to object.  I don't think he has the ability to make that kind of a diagnosis in this situation as a – as an officer, therefore I'm going to object to the question.

9 - FINDINGS AND RECOMMENDATION

>    [The Court]: Overruled.
>
>    [Prosecutor]: Was her demeanor consistent with that of someone who'd been through a sexual assault?
>
>    [Sergeant Ward]: Yes. It was consistent with a traumatic situation.

Exhibit 104, p 210-211.

The PCR court rejected petitioner's claim that trial counsel performance was ineffective with respect to his objection to Sergeant Ward's alleged "vouching" testimony, finding as follows:

>    Trial counsel committed no error about the testimony of Officer Ward. He properly objected [and] was overruled. That preserved the issue for appeal. Besides, Ward's testimony about the victim's emotional state was relevant [and] appropriate about whether she had been raped.

Exhibit 126, p. 1-2.

Under Oregon law, as a general matter, "a witmess, expert or otherwise, may not give an opinion on whether he believes a witness is telling the truth," State v. Middleton, 294 Or. 427 (1983). However, Oregon courts have drawn a distinction between opinions on a particular witness's veracity and opinions on "how the conduct of a witness compares with similarly situated members of an identifiable group." State v. Munro, 68 Or. App. 63, 66 (1984). A witness may testify "as to whether the *particular complainant's* conduct was consistent with [a] general phenomenon," but may not "explicitly state whether he or she believed that the complainant/witness was telling the truth." State v. Remme, 173 Or. App. 546, 558 (2001).

10 - FINDINGS AND RECOMMENDATION

In this case, Officer Ward did not testify that he believed the victim ["M.B."] was telling the truth. Instead he testified that M.B.'s demeanor "was consistent with a traumatic situation," which is perfectly proper under <u>Middleton</u> and its progeny.

Therefore, the PCR court correctly concluded that Officer Ward's testimony was not inadmissible vouching and that trial counsel was not ineffective for failing to object.

In any event, petitioner cannot demonstrate prejudice. The evidence against petitioner was overwhelming. The DNA evidence contradicted petitioner's initial claim that there was no sexual contact, and his claim that his DNA was deposited on M.B.'s back because she interrupted him masturbating was not credible. Petitioner cannot establish that there is a reasonable probability that, had officer Ward's testimony been excluded, the result of his trial would have been different.

In Ground Four, petitioner alleges that trial counsel was ineffective when he elicited testimony from defense witness Clara Walker that M.B. had claimed she was "butt-fucked" by petitioner. Petitioner raised a claim similar to that alleged in Ground Four in his PCR petition. The PCR court rejected that claim finding as follows:

> The outcome of the testimony of Clara Walker did not obviously aid Petitioner, but neither did it clearly hurt him. Even if it was an error to call her, like the other claims, there was so much other, damning evidence that the alleged error did not materially effect (sic) the outcome of the case. Chief among such evidence was the

11 - FINDINGS AND RECOMMENDATION

> Petitioner's adamant denial to Ward of any sexual contact juxtaposed with his contrived, bizarre trial testimony about how his semen ended up on her back.

Exhibit 126, p. 2.

Petitioner's trial counsel explained in an affidavit submitted to the PCR court that he made a tactical decision to elicit Clara Walker's testimony that M.B. made inconsistent statements about the rape. Exhibit 122, p. 2.

"Strategic choices made after a through investigation of the law and facts relevant to plausible options are virtually unchallengable." *Strickland*, 466 U.S. at 690. Trail counsel's strategic decision to demonstrate M.B.'s inconsistent statements was reasonable.

Moreover, as discussed above, M.B.'s testimony was corroborated by DNA evidence, photos of bruises on her legs and torso, a photo of a scratch on petitioner's chest, and the testimony of several other witnesses. In light of the substantial evidence against petitioner, the PCR court's conclusion that Clara Walker's testimony did not materially affect the outcome of petitioner's trial was reasonable and entitled to deference under 28 U.S.C. § 2254(d)(1).

Based on all of the foregoing, I find that petitioner has failed to demonstrate his trial counsel was deficient in any way or that he was prejudiced by his counsel's performance.

Petitioner's Petition (#1) should be denied. The Clerk of the

12 - FINDINGS AND RECOMMENDATION

Court should be directed to enter a judgment dismissing this proceeding

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

/////

/////

/////

/////

/////

13 - FINDINGS AND RECOMMENDATION

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right.* See, *28 U.S.C. § 2253(c)(2).*

DATED this 12th day of October, 2016.

---
Thomas M. Coffin
United States Magistrate Judge

14 - FINDINGS AND RECOMMENDATION